By the Court. Bosworth, J.
The charge which the defendant’s counsel requested the court to give to the jury, and the only point made by him in opposition to the plaintiff’s motion for judgment on the verdict, concede the right of the plaintiff to recover, unless the evidence proves that, the plaintiff waived and gave up his right to commissions against the defendant, and that by reason of, and in consideration of such waiver, the defendant completed his purchase on terms with which he was under no obligation to comply.
Whether such proof was given depends, mainly, upon the true construction of the two notes or letters of January 12, - 1856. In construing them, we start with the fact conceded that, the plaintiff had earned his commissions, and that they amounted to $90. It must be borne in mind also, that the only obstacle to .a completion of the contract was the difficulty which Carr experienced in raising money sufficient to pay the taxes and assessments, which were a lien on the property, and the arrears of interest upon the $5,000 mortgage, subject to which, and to which alone, the property was to be conveyed to the defendant. Hence, if the contract between Carr and the defendant was to be fully executed, it might be necessary for the latter to pay some money, instead of paying, wholly, in jewelry and goods. That he might be indisposed to advance, in addition to' paying to the plaintiff presently the commissions due to him.
Tn that condition of things, the plaintiff offered to allow the defendant “to use” the amount to be paid to him, if that would enable the defendant “ to carry the trade through without other assistance from Carr.” It was not an offer to relinquish the commissions, and waive all claim to be compensated for the services rendered. The defendant’s reply shows, that he must have so understood the offer; for after stating that, “the appropriation of your commission, with what aid I may otherwise obtain,
I think will enable me to consummate the matter,” and saying, “I will give it my attention on Monday, and in the mean time if you see Carr, hurry him up,” he declares, in conclusion; “of *171 course I shall keep back a portion of the jewelry to supply any deficiency.”
The obvious meaning of the correspondence is simply this: The plaintiff to make it easier for the defendant to advance some money, instead of paying wholly in goods, if he preferred that course to delay in carrying the contract into fuR effect, offered to delay the payment of the $90 to himself, and thus put the defendant in funds to that amount, to be used for such purpose, and funds which he would not have had to be so used, if he paid the commissions at once.
The defendant accepted the offer as thus made, and thus understanding it. The concluding paragraph of his letter, expressed a purpose to protect himself, by retaining enough, in value, of the jewelry and goods, to cover and reimburse himself any amount of money he might agree to pay in lieu of paying in goods, to enable Carr to carry his contract into effect.
We think it quite clear that, there is nothing in the correspondence which imports that, the plaintiff relinquished his commissions, or could have been understood by the defendant as doing so. There must be a judgment for the plaintiff on the verdict.